```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
TRUSTEES FOR THE MASON TENDERS                              :
DISTRICT COUNCIL WELFARE FUND,                              :
PENSION FUND, ANNUITY FUND, and                             :
TRAINING PROGRAM FUND                                       :
                                                            :
                    and                                     :      14 Civ. 8536 (KPF)
                                                            :
ROBERT BONANZA, as Business Manager of                      :      OPINION AND ORDER
the MASON TENDERS DISTRICT COUNCIL                          :
OF GREATER NEW YORK,                                        :
                                                            :
                    Petitioners,                            :
                                                            :
                    v.                                      :
                                                            :
YES RESTORATION,                                            :
                                                            :
                    Respondent.                             :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 19, 2015

Petitioners Trustees for the Mason Tenders District Council Welfare Fund, Annuity Fund, Pension Fund and Training Program Fund (collectively, the "Funds") and Robert Bonanza, the Business Manager of the Mason Tenders District Council of Greater New York and Long Island (the "MTDC"; together with the Funds, "Petitioners"), have filed this motion for summary judgment on their petition to confirm an October 26, 2013 Opinion and Default Award (the "Award"), issued by arbitrator Joseph Harris in favor of Petitioners. Respondent YES Restoration ("YES") has not opposed the petition or the summary judgment motion, nor has it otherwise appeared in this action. For the following reasons, Petitioners' motion is granted.

**BACKGROUND**[1]

The Funds are "employee benefit plan[s]" as defined in Section 3(3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(3), and "multiemployer plan[s]" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A). (56.1 Stmt. ¶ 4). Each Fund is administered by a Board of Trustees (the "Trustees") pursuant to one or more Trust Agreements. (*Id.* at ¶ 4). The Funds have also adopted a set of arbitration procedures governing audit and delinquency disputes with employers (the "Arbitration Procedures"). (*Id.* at ¶ 13).

Respondent YES entered into a Collective Bargaining Agreement (the "CBA") with the MTDC that was effective from December 1, 2007, to November 30, 2012. (Savci Decl. Ex. 1). The CBA sets forth the terms and conditions of employment for all bargaining unit employees, and requires YES to pay contributions to the Funds for all employees covered by the CBA at the rates specified therein. (56.1 Stmt. ¶ 8). The CBA also requires that YES make available its books and records for inspection in order to confirm compliance with the terms and conditions of the CBA. (*Id.* at ¶ 12). The CBA further

---

[1]  The record references in this Opinion are taken from Petitioners' Local Civil Rule 56.1 Statement of Material Facts Not in Issue ("56.1 Stmt.") (Dkt. #12), and from various exhibits to the Declaration of Haluk Savci ("Savci Decl.") (Dkt. #14), including the Collective Bargaining Agreement, included as Exhibit 1 (Dkt. #14-1), the Pension Fund Trust Agreement, Annuity Fund Trust Agreement, and Welfare Fund Trust Agreement (collectively, the "Trust Agreements"), included as Exhibit 2 (*id.*); and the Arbitration Procedures and Rules Governing Employer Audit and Delinquency Disputes, included as Exhibit 3 (*id.*). Citations to Petitioner's Rule 56.1 Statement incorporate by reference the documents cited therein. Where facts stated in the Rule 56.1 Statement are supported by testimonial or documentary evidence, and not contested by Respondent, the Court finds such facts to be true. *See* S.D.N.Y. Local Rule 56.1(c)-(d). Finally, Petitioners' supporting memorandum of law is referred to as "Pet. Br." (Dkt. #13).

provides that YES agrees to and shall be bound by the terms and conditions of the Trust Agreements and any amendments to the Trust Agreements. (*Id.* at ¶ 10). The CBA designates the Funds as the authorized collection agent of the MTDC for union dues and Political Action Committee ("PAC") contributions voluntarily authorized by employees. (*Id.* at ¶ 8).

Under amendments to the Trust Agreements, the Trustees have the option of commencing arbitration proceedings if an employer becomes delinquent in the payment of contributions to the Funds or fails to provide its books and records for examination. (56.1 Stmt. ¶ 12). In any legal action for unpaid contributions, the Trust Agreements, Arbitration Procedures, and terms of the CBA provide that YES shall pay to the Funds all unpaid contributions due and payable, interest on such unpaid contributions, liquidated damages,[2] and all attorneys' fees and costs of the action. (*Id.* at ¶ 13).

YES failed to pay fringe benefit contributions and other monies on behalf of its employees to the Funds for the period from October 1 through November 30, 2012. (56.1 Stmt. ¶ 1). YES also refused to make available its books and records for examination by Funds auditors. (*Id.*). On August 29, 2013, the MTDC forwarded a Notice of Intention to Arbitrate to YES demanding arbitration and seeking remedy on the issues of (i) whether YES had failed to make the requisite benefit fund contributions, union dues, PAC contributions,

---

[2] ERISA provides that where judgment is made in favor of a plan, in addition to the unpaid contribution amount and the interest due on unpaid contributions, the plan shall be awarded "an amount equal to the greater of ... (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent ... of [unpaid contributions]." 29 U.S.C. § 1132(g)(2)(C).

3

and other monies for the period from October 1 through November 30, 2012, as based on a shop steward report obtained by Petitioners; and (ii) whether YES failed to make available for examination by Funds auditors its books and records for the period from November 25, 2008, through January 16, 2012. (*Id.* at ¶ 14). The MTDC also provided YES with a copy of the Arbitration Procedures. (*Id.*). Copies of the Notice were simultaneously forwarded to Arbitrator Harris, who by letter dated September 6, 2013, notified the parties that a hearing to adjudicate the matter would be held on October 9, 2013. (*Id.*).

On October 9, 2013, Arbitrator Harris convened the hearing. (56.1 Stmt. ¶ 15). No representative appeared on behalf of YES. (*Id.*). The Funds submitted evidence in support of their claims against YES, including testimony from the Funds' Collection Manager and shop steward reports obtained by the Funds indicating that for the relevant period the Funds had recorded a minimum of 798 hours of work by YES employees for which no corresponding benefit payments had been made to the Funds. (*Id.*). The Funds further provided evidence that YES continually failed to make available its books and records for examination for the period commencing November 25, 2008, through the present. (*Id.*).

On October 26, 2013, Arbitrator Harris issued the Award, finding in favor of Petitioners and ordering Respondent to pay $14,826 for principal contributions due for fringe benefits; $2,125.04 for delinquent dues and PAC contributions; $405.90 for current interest; $2,965.36 for liquidated damages

(20% of the principal contributions due for fringe benefits); $500 for attorneys' fees; and $800 for arbitration costs. (56.1 Stmt. ¶ 16). The arbitrator also ordered YES to schedule an examination of its books and records "for the period November 25, 2008 through January 16, 2012 or through the most current period." (*Id.*; Award 3). After the issuance of the Award, Petitioners made several demands for payment and for an examination of YES's books and records. (56.1 Stmt. ¶ 17). To date, YES has neither made payments towards the Award nor allowed an examination of its books and records. (*Id.*). YES submitted no motion to vacate, modify, or correct the Award. (*Id.*).

On October 24, 2014, Petitioners filed the instant action under the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 1-16, seeking confirmation of the Award and for YES to make available for examination its books and records for the period November 25, 2008, to the present. (Dkt. #1).[3] On October 31, 2014, two copies of the summons and complaint were served on YES at its place of business. (56.1 Stmt. ¶ 3). YES made no response to the Petition and did not file a notice of appearance at that time. (*Id.*). Petitioners filed the instant motion for summary judgment on February 20, 2015. (Dkt. #11). YES has not filed any opposition and still has not appeared in this action.

---

[3] The action is therefore timely under the FAA. *See Photopaint Tech., LLC* v. *Smartlens Corp.*, 335 F.3d 152, 158 (2d Cir. 2003) ("[T]he FAA imposes a one-year statute of limitations on the filing of a motion to confirm an arbitration award under the FAA.").

5

**DISCUSSION**

**A.    Applicable Law**

The Second Circuit has "repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process." *Porzig* v. *Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007). "To encourage and support the use of arbitration by consenting parties," the Court "uses an extremely deferential standard of review for arbitral awards." *Id.* at 139. "Further, 'the federal policy in favor of enforcing arbitration awards is particularly strong with respect to arbitration of labor disputes.'" *Supreme Oil Co., Inc.* v. *Abondolo*, 568 F. Supp. 2d 401, 406 (S.D.N.Y. 2008) (quoting *New York Hotel & Motel Trades Council* v. *Hotel St. George*, 988 F. Supp. 770, 774 (S.D.N.Y. 1997)).  In such cases, "[i]t is only when the arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice that his decision may be unenforceable." *Major League Baseball Players Ass'n* v. *Garvey*, 532 U.S. 504, 509 (2001) (internal quotations marks omitted); *see also id.* (holding that courts cannot review the merits of arbitration awards entered into pursuant to an agreement between an employer and a labor organization).

Confirmation of an arbitration award is generally "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co.* v. *Gottdiener*, 462 F.3d 95, 110 (2d

6

Cir. 2006) (internal quotation marks and citation omitted); *Hall Street Assocs., L.L.C.* v. *Mattel, Inc.*, 552 U.S. 576, 582 (2008) ("[A] court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected [under § 10 or § 11]." (quoting 9 U.S.C. § 9)). Generally speaking, courts in this Circuit will vacate an arbitration award "only upon finding a violation of one of the four statutory bases [enumerated in the FAA], or, more rarely, if [the court] find[s] a panel has acted in manifest disregard of the law." *Porzig*, 497 F.3d at 139.[4]

Notwithstanding the heightened deference owed to an arbitral decision, it is "generally inappropriate" for a district court to enter a default judgment in an arbitration confirmation proceeding. *D.H. Blair & Co.*, 462 F.3d at 109. Instead, as the Second Circuit has explained:

> [a] motion to confirm or vacate an award is generally accompanied by a record, such as an agreement to arbitrate and the arbitration award decision itself, that may resolve many of the merits or at least command

---

4   The four statutory grounds for vacatur include situations: (i) where the award was procured by corruption, fraud, or undue means; (ii) where there was evident partiality or corruption in the arbitrators, or either of them; (iii) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (iv) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10(a). "An arbitral award may be vacated for manifest disregard only where a petitioner can demonstrate both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well-defined, explicit, and clearly applicable to the case." *Porzig* v. *Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 139 (2d Cir. 2007) (internal quotation marks omitted). The "manifest disregard" standard, first announced in *Wilko* v. *Swan*, 346 U.S. 427, 436-37 (1953), was later called into question in *Hall Street Assocs., L.L.C.* v. *Mattel, Inc.*, 552 U.S. 576, 585 (2008) ("Maybe the term 'manifest disregard' was meant to name a new ground for review, but maybe it merely referred to the § 10 grounds collectively, rather than adding to them."). However, after the Supreme Court expressly declined to consider the vitality of the manifest disregard standard in *Stolt-Nielsen S.A.* v. *AnimalFeeds Int'l Corp.*, 559 U.S. 662, 672 n.3 (2010), the Second Circuit has "continued to recognize that standard as a valid ground" for vacatur of an arbitration award, *Schwartz* v. *Merrill Lynch & Co., Inc.*, 665 F.3d 444, 452 (2d Cir. 2011).

> judicial deference. When a court has before it such a record, rather than only the allegations of one party found in complaints, the judgment the court enters should be based on the record.

*Id.* In this regard, courts should treat a request for a default judgment seeking confirmation of an arbitration award "as akin to a motion for summary judgment based on the movant's submission." *Id.* at 109-10 ("[G]enerally a district court should treat an unanswered … petition to confirm/vacate as an unopposed motion for summary judgment.").[5]

A motion for summary judgment may not be granted unless all of the submissions taken together "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see El Sayed* v. *Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010). The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination the court must view all facts in the light most favorable to the non-moving party. *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323 (1986); *accord El Sayed*, 627 F.3d at 933. When the moving party has asserted facts showing that the non-movant's position cannot be sustained, the opposing party must "set forth specific facts demonstrating that there is a genuine issue for trial," and cannot "merely rest on the allegations or denials" contained in the pleadings. *Wright* v. *Goord*, 554 F.3d 255, 266 (2d Cir. 2009) (internal quotation marks omitted).

---

5    Indeed, pursuant to the Court's January 22, 2015 Order (Dkt. #10), Petitioners have in fact submitted a motion for summary judgment on its petition.

"[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," as "[m]ere conclusory allegations or denials ... cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks* v. *Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (alterations in original) (quoting *Fletcher* v. *Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995)).  Only disputes over material facts — "facts that might affect the outcome of the suit under the governing law" — will properly preclude the entry of summary judgment.  *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *accord SCR Joint Venture L.P.* v. *Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009).

In short, a party seeking vacatur of an arbitrator's decision "must clear a high hurdle."  *Stolt-Nielsen S.A.* v. *AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010); *see also STMicroelectronics, N.V.,* v. *Credit Suisse Sec. (USA),* 648 F.3d 68, 74 (2d Cir. 2011) ("the showing required to avoid confirmation is very high").  "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case.  Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award."  *D.H. Blair & Co.*, 462 F.3d at 110 (internal citations and quotation marks omitted).

**B.     Analysis**

Petitioners have sufficiently supported their petition.  First, there are no material facts in dispute: Respondent has not contested any of the material facts upon which Petitioners' motion for summary judgment is based, and

9

Petitioners have cited to record evidence for each material fact they set forth. (*See* Pet. Br. 3-5; *see generally* 56.1 Stmt.).

Second, a colorable basis exists to support the Award. The Arbitrator heard witness testimony from the Funds' Collection Manager and reviewed shop steward reports submitted in support of the amount of the award. (56.1 Stmt. ¶ 15). The Funds also provided evidence at the hearing that YES continually failed to make its books and records available for examination for the period from November 2008 through the present. (*Id.*). Given that "[t]he arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case," *D.H. Blair & Co.*, 462 F.3d at 110 (citation and quotation marks omitted), there clearly exists a colorable basis for Arbitrator Harris's decision where (i) the arbitrator has set forth his rationale and (ii) the grounds for his decision are clearly discernable from the facts of the case.

Finally, there are no grounds for setting aside the Award. *See D.H. Blair & Co.*, 462 F.3d at 110 ("[T]he court 'must grant' the award 'unless the award is vacated, modified, or corrected.'" (quoting 9 U.S.C. § 9)). It is undisputed that Respondent YES was subject to the terms of the CBA and the Trust Agreements, which permit Petitioners to initiate arbitration proceedings to recover unpaid contributions due and payable, interest on such unpaid contributions, liquidated damages, and all attorneys' fees and costs of the action, and that the Award was issued based upon the evidence adduced at the hearing. (56.1 Stmt. ¶¶ 11, 13, 15, 16). As noted above, Respondent has made

no challenges to the Award's legal sufficiency, nor has it made any effort to vacate, modify, or correct the Award.

## CONCLUSION

For the foregoing reasons, Petitioners' motion for summary judgment on its petition to confirm the arbitration award is GRANTED. The Clerk of Court shall enter judgment for Petitioners, terminate all pending motions, adjourn all remaining dates, and close the case.

SO ORDERED.

Dated:    June 19, 2015
          New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge